**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000636
06-SEP-2013
08:29 AM**

NO. CAAP-12-0000636

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CHILD SUPPORT ENFORCEMENT AGENCY,
STATE OF HAWAI'I, Plaintiff-Appellee, v.
A.P., Defendant-Appellee and
J.W., Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-P NO. 12-1-0154)


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Fujise and Leonard, JJ.)

Defendant-Appellant J.W. appeals *pro se* from a June 13, 2012 Family Court of the First Circuit, State of Hawai'i (**Family Court**) Judgment of Paternity that resolved issues of paternity, custody, visitation, and child support with respect to J.W.'s and Defendant-Appellee A.P.'s biological child (**Child**).[1]  On March 7, 2012, Plaintiff-Appellee Child Support Enforcement Agency, State of Hawai'i (**CSEA**) filed a complaint to establish paternity for Child against J.W. and A.P.  The June 13, 2012 judgment declared that J.W. and A.P. are Child's biological parents and awarded (1) legal and physical custody of Child to A.P., (2) visitation to J.W., and (3) monthly child support payments to A.P.

---

[1]    The Honorable Lanson K. Kupau presided.

J.W.'s Opening Brief fails to include a "concise statement of the points of error set forth in separately numbered paragraphs", as required by Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4), and otherwise fails to comply with HRAP Rule 28(b), but appears to contend that: (1) the Family Court lacked jurisdiction; and (2) the amount of the child support award was excessive and unreasonable.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve J.W.'s appeal as follows:

(1) The Family Court has jurisdiction over this paternity and child support action, even though neither of the parents or Child currently live in Hawai'i, because Child was born in Honolulu, Hawai'i. Mother and Child were residents of Oahu when the complaint was filed and the paternity and child support hearing was held.

Hawaii Revised Statutes (**HRS**) § 584-8 (Supp. 2012) provides, in relevant part:

> **§584-8 Jurisdiction; venue.** (a) Without limiting the jurisdiction of any other court, the family court has jurisdiction of an action brought under this chapter. The action may be joined with an action for divorce, annulment, separate maintenance, or support.
>
> . . .
>
> (d) The action may be brought in the county in which . . . the child was born[.]

The Family Court correctly concluded that it has subject matter jurisdiction over this paternity proceeding pursuant to HRS § 584-3 (2006). HRS § 584-3 provides, in relevant part:

> [**§584-3**] **How parent and child relationship established.** The parent and child relationship between a child and:
>
> . . .
>
> (2) The natural father may be established under this chapter[.]

The CSEA has the authority to bring a paternity action pursuant to HRS §§ 576D-3 (2006), 576D-4 (2006), and 584-6(a) (2006).[2/]

HRS § 576D-3 provides, in relevant part:

§576D-3 **Obtaining or enforcing child support.** (a) The agency[[3/]] shall undertake any legal or administrative action to secure support for a child by enforcing an existing court order or obtaining a court order of support.
(b) To carry out its responsibilities imposed under this chapter, the agency . . . may commence or appear in any proceeding before any court . . . for the purpose of establishing paternity for children born out of wedlock[.]

HRS § 576D-4 provides:

[§576D-4] **Establishment of paternity.** When necessary to obtain child support for a child under section 576D-3, the agency shall take any legal or administrative action to establish the paternity of the child. The agency shall undertake the action on behalf of the State, child, custodial parent of the child, or any other person for whom the agency has a duty to obtain or enforce a child support order.

HRS § 584-6(a) provides, in relevant part:

§584-6 **Determination of father and child relationship; who may bring action; when action may be brought; process, warrant, bond, etc.** (a) . . . [T]he child support enforcement agency[] may bring an action for the purpose of declaring the existence or nonexistence of the father and child relationship within the following time periods:

. . .

(2) If the child has not become the subject of an adoption proceeding, within three years after the child reaches the age of majority[.]

In addition to subject matter jurisdiction, the Family Court has personal jurisdiction over J.W.

HRS § 584-8 provides, in relevant part:

§584-8 **Jurisdiction; venue.** . . .
(c) In addition to any other method of service provided by statute or court rule, if the defendant is not found within the circuit, service may be effectuated by registered or certified mail, with request for a return

---

[2/] HRS Chapter 576D is entitled "Child Support Enforcement" and HRS Chapter 584 is entitled "Uniform Parentage Act[.]"

[3/] "'Agency' means the child support enforcement agency established under section 576D-2." HRS § 576D-1.

receipt and direction to deliver to addressee only. The return receipt signed by the defendant shall be prima facie evidence that the defendant accepted delivery of the complaint and summons on the date set forth on the receipt. Actual receipt by the defendant of the complaint and summons sent by registered or certified mail shall be equivalent to personal service on the defendant by an authorized process server as of the date of the receipt.

. . .

(e) For service effectuated by registered or certified mail, an electronic copy or facsimile of the signature of the served individual on certified mailers provided by the United States Postal Service shall constitute valid proof of service on the individual.

The FOFs provide:

On April 3, 2012, CSEA filed a Statement of Mailing to [J.W.] showing service of the Complaint by mail on [J.W.]. The Certified Mail Return Receipt from the U.S. Postal Service attached to the Statement of Mailing shows restricted delivery of the Complaint to [J.W.] at [J.W.'s specified address]; the certified mail receipt was signed by [J.W.] on March 21, 2012.

The return receipt signed by J.W. is *prima facie* evidence that he accepted delivery of the Complaint and summons on March 21, 2012.

J.W.'s argument that the Family Court lacks jurisdiction over him because he is not a resident of Hawai'i is unpersuasive. HRS § 576B-201 (2006)[4/] provides, in relevant part:

[§576B-201] **Bases for jurisdiction over nonresident.** In a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual . . . if:

. . .

(2) The individual submits to the jurisdiction of this State by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction[.]

HRS § 576B-205 (2006) provides, in relevant part:

[§576B-205] **Continuing, exclusive jurisdiction.** (a) A tribunal of this State issuing a support order consistent

_____

[4/]    HRS Chapter 576B is entitled "Uniform Interstate Family Support Act[.]"

4

with the law of this State has continuing, exclusive jurisdiction over a child support order:

    (1)    As long as this State remains the residence of the obligor, the individual obligee, or the child for whose benefit the support order is issued; or

    (2)    Until all of the parties who are individuals have filed written consents with the tribunal of this State for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction.

    (b)    A tribunal of this State issuing a child support order consistent with the law of this State may not exercise its continuing jurisdiction to modify the order if the order has been modified by a tribunal of another state pursuant to this chapter or a law substantially similar to this chapter.

    (c)    If a child support order of this State is modified by a tribunal of another state pursuant to this chapter or a law substantially similar to this chapter, a tribunal of this State loses its continuing, exclusive jurisdiction with regard to prospective enforcement of the order issued in this State, and may only:

    (1)    Enforce the order that was modified as to amounts accruing before the modification;

    (2)    Enforce nonmodifiable aspects of that order; and

    (3)    Provide other appropriate relief for violations of that order which occurred before the effective date of the modification.

<u>Douglas v. Brittlebank-Douglas</u>, 98 Hawai'i 168, 45 P.3d 368 (App. 2002), provides guidance. The question we addressed in <u>Douglas</u> was: "Under the Uniform Interstate Family Support Act, does the state that issued the child support order retain the right to enforce that order when the father, mother, and children are not residents of that state?" 98 Hawai'i at 173, 45 P.3d at 373. We answered the question as follows:

In the following two situations, the answer is no: (1) under HRS § 576B-205(a)(2), when all of the parties who are individuals have filed written consents with the tribunal of the issuing state for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction; and (2), under HRS § 576B-205(b), when the order has been modified by a tribunal of another state pursuant to the Uniform Interstate Family Support Act (UIFSA) or a law substantially similar to it. The instant case does not present either of the above situations.

When [father], [mother], and the children no longer resided in Hawai'i, the basis for Hawai'i's "continuing jurisdiction" over [father] and the child support order was HRS § 576B-201 which, as noted above, states, in relevant part, that "[i]n a proceeding to establish, enforce, or modify a support order . . ., a tribunal of this State may exercise personal jurisdiction over a nonresident individual . . . if: . . . (3) The individual resided with the child in this State[.]"

It is a fact that [father] resided with the children in
Hawai'i.

HRS § 576B-205(a)(1) specifies that when [father], [mother], and
the children do not reside in Hawai'i, Hawai'i does not have
"continuing, exclusive jurisdiction over a child support order."
HRS § 576B-205(b) states that Hawai'i "may not exercise its
continuing jurisdiction to modify the order if the order has been
modified by a tribunal of another state pursuant to this chapter
or a law substantially similar to this chapter." Reading these
two sections together, the clear implication is that although
Hawai'i loses its "continuing, exclusive jurisdiction," and its
"continuing jurisdiction to modify the order," Hawai'i retains its
"continuing jurisdiction" to enforce the order as long as the
order has not been modified by a tribunal of another state
pursuant to HRS Chapter 576B or a law substantially similar to it.

The Official Comment of the National Conference of Commissioners
on Uniform State Laws to that part of the UIFSA that correspond
with HRS Chapter 576B supports this view. The Official Comment to
that part of the UIFSA that corresponds with HRS § 576B-201 states
that "[t]he intent is to insure that every enacting state has a
long-arm statute as broad as constitutionally permitted." It also
states that

UIFSA creates a structure designed to provide for only one support
order at a time. This one order regime is facilitated and
combined with a broad assertion of personal jurisdiction under
this long-arm statute. The frequency of a two-state procedure
involving the participation of tribunals in both states should be
substantially reduced by the introduction of this long-arm
statute.

The Official Comment to that part of the UIFSA that corresponds
with HRS § 576B-205 states:

If all parties and the child reside elsewhere, the issuing state
loses its continuing, exclusive jurisdiction-which in practical
terms means the issuing tribunal loses its authority to modify its
order. The issuing state no longer has a nexus with the parties
or child and, furthermore, the issuing tribunal has no current
information about the circumstances of anyone involved. Note,
however, that the one-order of the issuing tribunal remains valid
and enforceable. That order is in effect not only in the issuing
state and those states in which the order has been registered, but
also may be enforced in additional states in which the one-order
is registered for enforcement after the issuing state loses its
power to modify the original order, . . . . The one-order remains
in effect until it is properly modified in accordance with the
narrow terms of the Act[.]

In other words, although the loss of "continuing, exclusive
jurisdiction . . . means the issuing tribunal loses its authority
to modify its order[,]" it does not mean that the issuing tribunal
loses its authority to enforce the order.

Douglas, 98 Hawai'i at 173-74, 45 P.3d at 373-74 (block quote
format altered).

6

Here, we conclude that HRS § 576B-201 authorized the Family Court to establish and enforce the child support order in the June 13, 2012 judgment. The exceptions discussed in Douglas do not apply here. See 98 Hawai'i at 173-74, 45 P.3d at 373-74. J.W. and A.P. have not filed written consents with the tribunal of this State, the issuing state, for a tribunal of another state to modify the order and assume continuing, exclusive jurisdiction pursuant to HRS § 576B-205(a)(2). Additionally, under HRS § 576B-205(b), the order has not been modified by a tribunal of another state pursuant to the Uniform Interstate Family Support Act or a law substantially similar to it.

The basis for Hawai'i's "continuing jurisdiction" over J.W. and the child support order was HRS § 576B-201, which states, in relevant part, that "[i]n a proceeding to establish, enforce, or modify a support order or to determine parentage, a tribunal of this State may exercise personal jurisdiction over a nonresident individual . . . if: . . . (2) The individual submits to the jurisdiction of this State by consent, by entering a general appearance, or by filing a responsive document having the effect of waiving any contest to personal jurisdiction[.]" J.W., after being properly served, requested genetic testing to establish paternity. J.W. also requested that he be allowed to appear at the May 4, 2012 hearing by telephone and did, in fact, appear by telephone conference call.

As articulated in Douglas, HRS § 576B-205(a)(1) specifies that when J.W., A.P., and Child do not reside in Hawai'i, Hawai'i does not have "continuing, exclusive jurisdiction over a child support order." However, "Hawai'i retains its 'continuing jurisdiction' to enforce the order as long as the order has not been modified by a tribunal of another state pursuant to HRS Chapter 576B or a law substantially similar to it." Douglas, 98 Hawai'i at 174, 45 P.3d at 374. In other words, although the Family Court loses its authority to modify

7

its order, it does not lose its authority to enforce the order. Douglas, 98 Hawai'i at 174, 45 P.3d at 374.

(2) J.W. contends that the Family Court awarded A.P. an inflated child support award amount. We disagree.

As discussed above, HRS § 584-8 provides that the Family Court has jurisdiction of a paternity action, which may be joined with an action for child support. HRS § 584-15 (2006) further provides, in relevant part:

> §584-15 Judgment or order. . . .
> (c) The judgment or order may contain any other provision directed against the appropriate party to the proceeding, concerning the duty of support . . . or any other matter in the best interest of the child. . . . The court may further order the noncustodial parent to reimburse the custodial parent . . . for reasonable expenses incurred prior to entry of judgment, including support[.]
>
> . . .
>
> (e) In determining the amount to be paid by a parent for support of the child and the period during which the duty of support is owed, a court enforcing the obligation of support shall use the guidelines established under section 576D-7. . . .

Hawai'i Family Courts must follow the Hawai'i Child Support Guidelines when calculating monthly child support. Hawai'i State Judiciary, 2010 Hawai'i Child Support Guidelines (effective Aug. 29, 2010) at 1 (hereinafter Guidelines). Hawai'i Family Courts "must order the amount of child support as calculated by the [Child Support Guidelines] Worksheet(s) unless there are exceptional circumstances which warrant a deviation." Guidelines at 11. If a parent believes that there are exceptional circumstances that warrant a deviation, that parent "has the burden of proving that exceptional circumstances exist and that the circumstances warrant a departure from the child support as calculated by the Worksheet(s)." Guidelines at 11.

Here, the Family Court did not err in computing J.W.'s child support obligation using the Hawai'i Child Support Guidelines Worksheet. For the purpose of calculating the child support amount, J.W.'s gross monthly income was $3605.00. J.W. did not object to this monthly income figure nor did he propose

8

an alternative amount. A.P.'s gross monthly income was $1167.00, her monthly child care expenses were $451.00, and her monthly health insurance costs were $27.00. J.W. did not object to these figures. The Family Court ordered that J.W.'s monthly child support obligation for Child is $981.00 as computed using the Child Support Guidelines Worksheet, and CSEA requested that child support commence in June 2012. J.W. apparently concurred with this figure and commencement date by saying "OK." Additionally, CSEA then asked for a past child support debt of $3,845.00 through May 2012 to be liquidated at $19.00 per month commencing June 2012 and J.W. apparently acquiesced to this figure. At the conclusion of the May 4, 2012 hearing, the Family Court asked A.P. and J.W. if they had any questions regarding the hearing and they did not.

The Family Court was required to order J.W. to pay $981.00 per month in child support as calculated by the Worksheet because J.W. did not prove the existence of exceptional circumstances warranting a deviation. See Guidelines at 11. J.W. did not contest his gross monthly income figure, A.P.'s monthly income figure, or his monthly child support obligation, and J.W. did not offer any other evidence or testimony concerning income to use in the calculation of child support. Accordingly, we find no basis for granting relief to J.W. on appeal.[5]

---

[5] We note, however, that our decision does not preclude J.W. or A.P. from moving to register the support order in another state for modification. The Family Court loses its continuing, exclusive jurisdiction over the child support order when the parties are no longer residents of the state. HRS § 576B-205(a)(1). J.W. states in his Opening Brief, "I'm just asking that the Child Support Enforcement Agency move jurisdiction to a state where either the child and mother or where the father resides." However, it does not appear that CSEA has the authority to sua sponte transfer jurisdiction of this case or the order in this case to another state."

For these reasons, the Family Court's July 13, 2012 judgment is affirmed.

DATED:  Honolulu, Hawai'i, September 6, 2013.

On the briefs:

J.W.
Pro Se Defendant-Appellant

Rosemary McShane
Maryanne Magnier
Deputy Attorneys General
for Plaintiff-Appellee

*[signature]*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge